**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| LARRY GATEWOOD, *on behalf of himself and all others similarly situated,* ) ) ) ) | |
| ) | CIVIL NO. 3:21cv759 |
| ) | |
| Plaintiff, ) | |
| ) | **CLASS ACTION COMPLAINT AND** |
| v. ) | **JURY DEMAND** |
| ) | |
| CHOICE RECOVERY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| _____ ) | |

**NATURE OF ACTION**

1.      Plaintiff Larry Gatewood ("Plaintiff") brings this action against Defendant Choice Recovery, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.      In order to protect consumers and ensure compliance by debt collectors, "[t]he FDCPA is a strict liability statute that prohibits false or deceptive representations in collecting a debt, as well as certain abusive debt collection practices." *McLean v. Ray*, 488 F. *App'x* 677, 682 (4th Cir. 2012).

6.      The FDCPA must be construed liberally to affect its remedial purpose. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 393 (4th Cir. 2014)

7.      Violations are "determined from the vantage of the 'least sophisticated consumer,'" *id.* at 394, which "comports with basic consumer protection principles[, as] '[t]he basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (*quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

## PARTIES

8.      Plaintiff is a natural person who at all relevant times resided in the State of Virginia and City of King George.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person allegedly obligated to pay a debt.

2

13.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (collectively, the "Debt").

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

15.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16.     On or around May 28, 2021, Plaintiff called Defendant to obtain additional information about the Debt, including why it was on his credit report.

17.     During the ensuing telephone conversation, Defendant sought to collect the Debt.

18.     Defendant provided Plaintiff with various information amount the Debt, including the alleged balance due for both accounts comprising the Debt.

19.     The May 28, 2021 telephone conversation was Defendant's initial communication with Plaintiff with respect to the Debt.

20.     Defendant failed to send Plaintiff the notices required by 15 U.S.C. § 1692g(a) within five days of its initial communication with Plaintiff.

21.     Plaintiff was unwilling to pay the Debt before receiving correspondence from Defendant in writing because he wanted to ensure that Defendant was legitimate.

22.     Further, Plaintiff was unwilling to pay the Debt before verifying that he actually owed it.

23.     Having not received anything in writing from Defendant and worrying about the Debt continuing to report on his credit, Plaintiff again called Defendant on June 18, 2021.

24.     During the ensuing conversation, Plaintiff asked how he would get the Debt off his credit reports.

25.     Unsurprisingly, Defendant suggested paying the Debt.

26.     In connection with the collection of the Debt, Defendant sent Plaintiff written correspondence dated June 21, 2021.

27.     Defendant's June 21, 2021 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

28.     While Plaintiff awaited Defendant's June 21, 2021 letter with information regarding the Debt and providing him an opportunity to dispute it, Plaintiff was unable to confirm the accuracy of the balance by comparing the alleged balance with an invoice from the original creditor.

29.     In response to Defendant's letter, Plaintiff sent Defendant a timely written dispute dated July 20, 2021.

30.     Defendant then sent Plaintiff two identical letters dated August 11, 2021.

31.     Both letters came in a single envelope.

32.     A true and correct copy of Defendant's envelope is attached as Exhibit A.

33.     Defendant's envelope displayed Defendant's name ("Choice Recovery"), its logo, and noted that it was "Personal and Confidential." Exhibit A.

34.     By sending Plaintiff a debt collection letter in an envelope that indicates Defendant is in the debt collection business, Defendant engaged in unfair and unconscionable means to collect the Debt.

## CLASS ALLEGATIONS

35.     Plaintiff repeats and re-alleges all factual allegations above.

4

36.     Upon information and belief, the design on the envelope Defendant used to send its August 11, 2021 letters is a form or template (the "Envelope Template") Defendant uses to send written communication to consumers in connection with the collection of alleged debts.

37.     Defendant has used the Envelope Template to send collection letters to at least 40 individuals in the State of Virginia within the one year prior to the filing of this complaint.

38.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class:

> All individuals with a Virginia address to whom Defendant sent a collection letter in an envelope using the Envelope Template, within one year before the date of this complaint, and in connection with the collection of a debt.

39.     The proposed class specifically excludes the United States of America, the State of Virginia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

40.     The class is averred to be so numerous that joinder of members is impracticable.

41.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

42.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

43.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at

issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

44.     Plaintiff's claims are typical of the claims of the class he seeks to represent.

45.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

46.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

47.     Plaintiff will fairly and adequately protect the interests of the class.

48.     Plaintiff has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

49.     Plaintiff is willing and prepared to serve this Court and the proposed class.

50.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

51.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

52.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

53.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

54.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

55.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

56.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(8)

57.     Plaintiff repeats and re-alleges each factual allegation above.

58.     The FDCPA prohibits the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

59.     Defendant violated 15 U.S.C. § 1692f(8) when it sent its August 11, 2021 collection letters in an envelope that disclosed Defendant's business name, thus indicating that it is in the debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f(8) with respect to Plaintiff and the Class;

c) Awarding Plaintiff and the Envelope Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii)

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)
### On an Individual Basis

60.     Plaintiff repeats and re-alleges each factual allegation above.

61.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

62.     Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the required notices in its initial communication or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

63.     Plaintiff is entitled to and hereby demands a trial by jury.


Dated: December 8, 2021.

Respectfully submitted,

s/ James E. Bowman, II
James E. Bowman, II (VSB No. 72752)
P.O. Box 2081
Ashland, VA 23005
Telephone: (804) 977-2753
Facsimile: (866) 317-2674
jbowman@ThompsonConsumerLaw.com
Lead Counsel for Plaintiff

Co-counsel with:
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
tclg@ThompsonConsumerLaw.com